**ELY v INDUST. COMM.**

Ohio Appeals, 2nd Dist, Shelby Co

No. 120. Decided Nov. 1, 1940.

Thomas J. Herbert, Atty. Gen., Columbus; E. P. Felker, Asst. Atty. Gen., Columbus; A. B. Conn, Asst. Atty. Gen., Columbus, for defendant-appellant.

H. E. Beery, Sidney, and F. W. Krehbiel, Dayton, for plaintiff-appellee.

## OPINION

By GEIGER, J.

This case is before this court on an appeal by The Industrial Commission of Ohio from a judgment of the court below finding that the plaintiff is entitled, as the widow of her deceased husband, to participate in the Workmen's Compensation Fund.

The petition recites the employment of the decedent by the Minniear Interstate Trucking Company of Sidney, Ohio, which was engaged in interstate trucking business; that such company employed three or more in and about its business and was paying compensation to the Workmen's Compensation Insurance Fund; that Joseph Ely was one of said employees at the time of his death. The plaintiff is the widow and the mother of six children. It is alleged that on or about the 20th day of August, Ely, being engaged in the course of his employment operating a truck, while on a return trip from Chicago to Sidney, Ohio, was accidentally killed in Indiana by an accident which arose out of said employment; that the petitioner filed her application with The Industrial Commission for compensation, which application was denied and upon rehearing testimony was taken and upon final hearing the claim was again disallowed "for the reason that the proof fails to show that the death of the decedent was the result of an injury sustained in the course of and arising out of the course of his employment," which order is a denial of jurisdiction. Plaintiff prays that she may be awarded compensation.

The answer admits the employment of Ely; that his employer had complied with the provisions of the Workmen's Compensation Act; that Ely died and that subsequent thereto proper proceedings were taken by the plaintiff, and denied all other allegations.

The cause was heard and the jury unanimously found in favor of the plaintiff and that she and the dependants for whom she brought the action are entitled to participate in the State Insurance Fund.

A motion for new trial was filed setting up the usual grounds and in addition that the court erred in overruling defendant's motion for a directed verdict made at the end of the plaintiff's case and renewed at the conclusion of the evidence. The court overruled both motions and awarded judgment to conform with the verdict of the jury in favor of plaintiff's right to participate.

Notice of appeal was given from this judgment on questions of law.

The Commission files assignments of errors to the effect that the court erred in overruling the motion of defendant for a directed verdict and that the verdict of the jury and judgment of the court are contrary to the manifest weight of the evidence, etc.

The appellant and appellee are in agreement as to the main facts and may be said to concur to the effect that Joseph Ely was regularly employed to drive a truck from Sidney to Chicago and return; that on the 17th day of August. 1937, he left with a load for Chicago and after delivering it immediately started with a return load on his way back to Sidney, Ohio; that it was customary for drivers to rest in Chicago, but that on this occasion Ely started immediately upon the return trip. It was customary for truck drivers, including Ely, to stop at Hamlet, Indiana, at an establishment called the Hollywood Inn for refreshments and gasoline. Ely arrived at this Inn about

noon of August 20, seven or eight hours prior to the time he customarily arrived. Shortly after arriving he was greeted by one Elva Morlock. He was at that time draining his radiator and refilling the same. Afterwards he passed some time at the Inn where he drank whiskey with the Morlock woman and various other individuals through the course of several hours, the exact time so spent and the exact amount of liquor so consumed not being definitely disclosed by the evidence or agreed to by counsel.

During the afternoon for some reason he drove his truck on the Lincoln Highway toward Chicago for a short distance and then returned to the Inn. He left the Inn at about 7:30 in the evening headed toward Sidney, Ohio. During the night the truck he had been driving was found mired in the sand on the north side of the highway headed toward Hamlet, in a ditch about twenty-five feet from the road, and fifty feet from an abandoned gas station, which was in the opposite direction from the route to Sidney. Paralleling the road and south of the highway there was a line of Pennsylvania Railroad tracks. During the early morning hours, Ely's mangled body was found nude along the railroad tracks. The radiator of the truck was empty, but the truck otherwise in good running order except as to being mired in the sand to a depth of seven or eight inches.

It is asserted by the plaintiff-appellee that the evidence shows that when he was at Hamlet some difficulty arose in the operation of his truck and that he was having some trouble with it. It is also claimed that after the had left Hamlet going toward Sidney on the Lincoln Highway some trouble developed with the truck and that for this reason he turned into an abandoned filling station and that upon finding it abandoned he attempted to return to Hamlet and that the truck became mired in the sand along the roadside and could not be thereafter removed on its own power. It is maintained by the appellee that upon the railroad there was a telegraph opera-

tor's station between the mired truck and the village of Hamlet, about one-quarter of a mile from the truck. Truck drivers were instructed in case of accident to either secure assistance from other truck drivers of the Company or to get some message into the home office. It is maintained that Ely was going to the railroad telegraph station to wire for assistance, when he was struck and killed by a passing train.

It is claimed by the Commission that there is no evidence whatever of an accidental injury; that while his body was found on the railroad tracks in a mangled condition, it is within the realm of possibility that he had fallen into a stupor on the railroad tracks and expired from acute alcoholism prior to the time his body was struck by a train; that there are innumerable possibilities of the cause of his death more probable than those asserted by the appellee and that the inference that the decedent was killed by a passing train is not the more inferential from circumstances surrounding his activities. It is further asserted by the appellant that there is no evidence whatever that the injury resulting in the death was not self-inflicted. It is claimed that the duty rests upon the claimant to affirmatively show that the injuries were not self-inflicted. The appellee points to the fact that in conversation with Mrs. Morlock he had stated that if she would not go with him to Plymouth, as he requested, that she would never again see him alive. It is claimed that inasmuch as Mrs. Morlock did not go with Ely as he requested, that the logical inference was that he carried out his threat and committed suicide and that this inference places the burden upon the plaintiff to prove that the injury was not self-inflicted.

It is also claimed that there is no evidence that decedent's injury, which resulted in his death, was sustained in the course or arising out of his his employment as required by the statute. It is claimed that the motion for directed verdict should have been sustained for the reason that the plaintiff did not offer any evidence tending to

prove or tending to raise an inference that the decedent was acting in the course of his employment when killed or that the death resulted from an injury that had a causal connection with his employment either through its activities, its conditions or its environment. It is claimed that after Ely had proceeded from Hamlet several miles toward Sidney, he abandoned his truck and that his subsequent progress was not in the course of his employment; that the burden was upon the plaintiff to prove that her decedent was then performing some task or duty for his employer and that the claim of the appellee that Ely was killed while crossing the railroad track to go to the telegraph office to send a message or while in search of water to fill the dry radiator is not sustained by any evidence and is an inference based upon an inference and violates the principle that a presumption can be legally indulged in only when the facts from which it arises are proved by direct evidence and that one presumption or inference can not be deduced or predicated upon another presumption or inference.

It is claimed that in order to arrive at the conclusion that Ely was performing a duty necessitated by his employment, the plaintiff infers, First, that when the truck was turned its radiator was out of water and it was turned for the purpose of proceeding back to obtain water and that from this it is inferred that there was water obtainable at the air compressor station along the tracks and that her husband had crossed the railroad track in order to obtain water from this station. It is claimed that the evidence shows there was no water at the compressor station and that the claim that the radiator was dry and that the truck was turned to go back to Hamlet for the purpose of refilling and that after the truck became mired Ely went out in search of water is a mere guess or speculation, as is the claim that he went on to the tracks in order to go to the telegraph office to send a message.

It is claimed that the verdict is contrary to the manifest weight of the evidence and in support of this appellant asserts that the weight of the evidence indicates that the decedent was intoxicated in a degree and to an extent which would take him completely out of the course of his employment; that he indulged in enough drinking to cause any individual to become so intoxicated that it would be impossible for him to pursue the business of his employer or to form a purpose to so do. It is claimed the evidence discloses the fact that while at the Hollywood Inn he had at least six drinks of Whiskey, and probably more. It is also pointed out that one witness testified that he saw Ely lurching along the highway in a manner that would indicate a state of intoxication.

It is asserted that the degree of drunkenness that would ordinarily result from the amount of liquor consumed by Ely and indicated by the witnesses who saw him staggering along the highway rendered it impossible for any act of his to arise out of or have any causal connection with his employment; that drunkenness can be of such a degree that it would be impossible for any employe to be within the course of his employment or perform any act arising out of it. It is claimed that under the evidence the most plausible theory is that Ely at the time of his injury was engaged or occupied in a frolic of his own and that he was in such a drunken stupor that he stumbled upon the railroad track and there lay to be later run over by a train. It is claimed that is a more logical and compelling conclusion than any furnished by plaintiff.

On the other hand, it is asserted by the appellee that while Ely did tarry at the Hollywood Inn and did, while there, have a number of drinks of whiskey, that the evidence of eye witnesses is to the effect that he was not intoxicated; that he had had some trouble with the radiator and that as he proceeded eastward toward Sidney he found the car was not operating properly and when no water could be found at the abandoned station he

turned the truck around and became mired in the sand and thereupon while still in the performance of the duty of his employer he went forth to get water to refill the radiator or to call for assistance through the nearby telegraph office and that while so doing he was struck and killed by a passing train. There being no eye witnesses to the death of Ely any number of theories may be indulged in as to its cause and as to what he was doing when killed; whether in the performance of his duties as an employe in taking care of the truck he was operating or whether he was so intoxicated that he did not and could not form any purpose to serve his employer and that his death occurred as a result of his attempt to pursue his own purpose in returning to Hamlet for the possible further consorting with Mrs. Morlock or that he was so intoxicated that he strayed on to the track of the railroad and fell in a drunken stupor or possibly died from a heart attack before being struck by the train.

The jury in consideration of the evidence and under proper instructions of the Court resolved all these question in favor of the appellee and found that she was entitled to participate in the fund. It is incumbent upon the plaintiff to offer testimony tending to prove the facts essential to a recovery under the provisions of the Workmen's Compensation Act and such essential facts can not be arrived at by guess or an inference not justified by established facts. The undisputed facts are that Ely was an employe; that he was engaged in the service of his employer and while so engaged was killed. But that is not sufficient unless his death resulted from such employment. If he was killed after he had abandoned the service of his master and was indulging in activities for his own pleasure or in pursuit of his own desires, he would not be entitled to compensation. The facts as presented make it difficult to determine the proper solution, and we are frank to say that we are not without doubt in the matter. However, the jury having determined that he was killed while in the course of his employment and that the widow is entitled to participate in the fund, we are not disposed to disturb the verdict.

Judgment of the Court below affirmed.

HORNBECK, PJ. & BARNES, J., concur.